CARTIER, a DIVISION OF RICHE-
MONT NORTH AMERICA, INC., and
Cartier International, B.V., Plaintiffs,

v.

AARON FABER INC. d/b/a Aaron Fa-
ber Gallery, Edward Faber, and
John Does 1–10, Defendants.

No. 05 CIV. 6615(VM).

United States District Court,
S.D. New York.

Aug. 12, 2005.

Milton Springut, Tal S. Benschar, Kalow & Springut LLP, New York, NY, for Plaintiffs.

William Irvin Dunnegan, Perkins & Dunnegan, New York, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

On July 25, 2005, this Court, on motion of plaintiffs Cartier, division of Richemont North America, Inc., and Cartier International B.V. ("Plaintiffs") for a preliminary injunction, ordered defendants Aaron Faber, Inc. and Edward Faber (hereinafter "Defendants") to show cause why a preliminary injunction should not be entered against them. Plaintiffs and Defendants each submitted papers in support of or in opposition to the prayer for a preliminary injunction. The Court held a hearing on August 11, 2005 with respect to Plaintiffs' Motion.

The Court, after consideration of the papers submitted by the parties and the arguments presented at the hearing, ruled in open court that Plaintiffs' prayer for a preliminary injunction was granted. The Court found that Defendants' activities created a likelihood of confusion, in that they sold or claimed to sell what they claimed was a product indistinguishable to the naked eyes from that created by Cartier (*see* Decl. of Carol Ball, dated July 20, 2005, ¶ 4, attached to Pls.' Order to Show Cause), and a danger of irreparable harm to Plaintiffs' interests, in that the inferior counterfeit product was not an actual Cartier product but was clearly marked as such nonetheless. *See Cartier v. Symbolix, Inc.*, No. 05 Civ. 2777, 2005 WL 1330786 (S.D.N.Y. June 2, 2005) (granting a motion for a preliminary injunction in a nearly identical case).

The Court asked that the parties confer and submit a proposed order of preliminary injunction for the Court's endorsement. The Court has been informed that the parties could not agree on language for such an endorsement. The Court will address the concerns raised by the parties in a separate opinion that will more thoroughly explain the basis for and scope of the preliminary injunction ordered by the Court at the August 11 Hearing and as memorialized below.

It is hereby

**ORDERED** that the motion of Plaintiffs Cartier, division of Richemont North America, Inc., and Cartier International B.V. ("Plaintiffs") for a preliminary injunction is GRANTED in the form contained herein:

1. Defendants Aaron Faber, Inc. and Edward Faber ("Defendants"), their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, pending the final hearing and determination of this action, are enjoined from selling, offering for sale, advertising or distributing any "Cartier" watches which have in any way been altered or modified by any person or entity not authorized to do so by plaintiffs Cartier International, B.V. and/or Cartier, division of Richemont North America, Inc., including any such watches which have been modified by the setting of diamonds thereon by any person or entity not authorized by Plaintiffs.

2. To the extent a used watch has been scratched in the normal course of use and wear, that shall not constitute "altered or modified" for the purpose of this preliminary injunction.

3. Nothing in the foregoing injunction shall prevent Defendants from providing after-market services to any customer who already owns a Cartier watch and requests service thereof where such service terminates in return of the watch to

the same customer upon completion of such service.

**SO ORDERED.**